UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PAUL MARTIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1141 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Movant Michael Paul Martin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 27, 2011. (ECF No. 1).

## BACKGROUND

By way of background, on December 3, 2009, Movant was indicted on three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). On December 11, 2009, Assistant Federal Public Defender Michael Dwyer entered his appearance on behalf of Movant. On December 28, 2009, Mr. Dwyer filed a notice of Movant's intent not to file pretrial motions. Movant then appeared with Mr. Dwyer before United States Magistrate Judge Mary Ann L. Medler on December 30, 2009, and formally waived his right to file motions.

On January 21, 2010, attorney Frank Carlson entered his appearance on behalf of Movant. On April 8, 2010, Movant pled guilty to all five counts of the indictment. Neither the Government

nor Movant filed objections to the Presentence Investigation Report, and on July 27, 2010, the Court

sentenced Movant to a total of 120 years in prison. Movant did not appeal his conviction or sentence.

As stated above, Movant filed the instant § 2255 Motion on June 27, 2011[1], alleging the

following two grounds for relief:

(1)    That Movant received ineffective assistance of counsel, in that Mr. Dwyer failed to file a motion to suppress evidence; and

(2)    That Movant received ineffective assistance of counsel, in that Mr. Carlson failed properly to argue the factors set forth in 18 U.S.C. § 3553(a) during Movant's sentencing proceeding.

(§ 2255 Motion, PP. 4-7).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on

a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral

review only if the alleged error constituted a 'fundamental defect which inherently results in a

complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d

277 (1994) (citations omitted).[2]

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, the Court entered its Judgment on July 27, 2010. The present motion, filed June 27, 2011, thus is within the 1-year limitation period provided for in § 2255.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344 (1974)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

## I.     Ground 1

As stated above, in Ground 1 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that Mr. Dwyer failed to file a motion to suppress evidence. (§ 2255 Motion, PP. 4-5). Specifically, Movant claims Mr. Dwyer should have moved to suppress the search warrant affidavit in his case.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court finds that with this claim Movant fails to demonstrate deficient performance, as the record before the Court establishes Movant did not want his attorney to file a motion to suppress evidence. The Magistrate Judge questioned Movant extensively regarding his decision to waive pretrial motions, as follows:

| | |
|---|---|
| THE COURT: | Now with regard to this issue of pretrial motions, have you had plenty of time to talk to [Mr. Dwyer] about that? |
| DEFENDANT: | I believe so. |
| THE COURT: | Okay. And you know that there are all different kinds of motions that can be filed. Did you talk to him about that, challenging the grand jury, challenging the indictment. You don't have any co-defendants here, but there are all sorts of pretrial motions that can be filed. Do you understand that? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. And did you talk all that over with Mr. Dwyer? |
| DEFENDANT: | I'm sure he'll fill me in. |
| THE COURT: | Okay. And then there are also motions called motions to suppress. |
| DEFENDANT: | Right. |
| THE COURT: | And those are the ones that have to do with the evidence that the government wants to use. |
| DEFENDANT: | Right. |
| THE COURT: | The purpose of those motions is to ask the Court to suppress some of their evidence and if it's suppressed, then they can't use it at trial. Do you understand that? |
| DEFENDANT: | Correct. |

| | |
|---|---|
| THE COURT: | All right. And then if those motions are filed you have the right to have a hearing and [the] purpose of the hearing is for me to hear their evidence and how they acquired it and then I make a recommendation to Judge Hamilton, who's your trial judge, about whether or not that evidence should be used or not. |
| DEFENDANT: | Yes. Yes. He did go into detail about telling me about that. |
| THE COURT: | Okay. And Miss Costantin[3] has already said that she decided not to use some of the evidence that they have. |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. And you talked that over with Mr. Dwyer as well? |
| DEFENDANT: | Yes. |
| THE COURT: | All right. And he's filed the document and you filed this form indicating that after the two of you talked it over you think it's in your best interest not to file pretrial motions. Is that right? |
| DEFENDANT: | That's correct. |
| THE COURT: | Okay. Obviously, if there are no motions filed, there's nothing to have a hearing on, so we won't have a hearing today. |
| DEFENDANT: | Okay. |
| THE COURT: | Right? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. Now that means that you are waiving or giving up your right to have the motions filed and to have the hearing. Do you understand that? |
| DEFENDANT: | Yes. |
| THE COURT: | Is that what you want to do? |
| DEFENDANT: | Yes. |
| THE COURT: | Okay. I want to make sure that you understand that this is a now or never. If you tell me now you don't want the motions filed and you don't want to have the hearing, you can't change |

---

3 Carrie Costantin was the Assistant United States Attorney assigned to Movant's case.

|  |  |
|---|---|
|  | your mind later on and decide that you do. Do you understand that? |
| DEFENDANT: | Right. |
| THE COURT: | All right. And you have had plenty of time to talk this over with Mr. Dwyer? |
| DEFENDANT: | As far as I know, everything is—is in good hands. |
| THE COURT: | Okay. And anybody beat you up or threaten you in any way to get you to do this? |
| DEFENDANT: | No. |
| THE COURT: | Did anybody promise you anything to get you to do this? |
| DEFENDANT: | No. |
| THE COURT: | All right. I will accept your waiver. I will find that they are made intelligently, knowingly, and voluntarily. |

(Waiver Hearing Transcript (4:09CR760 JCH, ECF No. 37), PP. 3-6).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). Upon consideration of the foregoing, this Court finds Movant's own testimony demonstrates that after ample time to consult with Mr. Dwyer, Movant voluntarily waived his right to file any pretrial motions, including a motion to suppress the search warrant affidavit. Under these circumstances, the Court finds Mr. Dwyer's decision not to file the motion fell well within the wide range of professionally competent assistance sanctioned by *Strickland*, and so Ground 1 of Movant's § 2255 Motion must be denied.[4]

## II. Ground 2

---

4 In light of the above ruling, the Court need not consider whether Movant established the necessary prejudice under *Strickland*. The Court finds Movant failed to do so, however, as any motion to suppress evidence would have been denied for the reasons set forth in the

As stated above, in Ground 2 of his § 2255 Motion Movant asserts he received ineffective assistance of counsel, in that Mr. Carlson failed properly to argue the factors set forth in 18 U.S.C. § 3553(a) during Movant's sentencing proceeding. (§ 2255 Motion, PP. 5-7). Section 3553(a) requires that in determining the particular sentence to be imposed the Court must consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records.

Upon consideration the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice. In other words, Movant fails to establish that absent his counsel's alleged error the result of his proceeding would have been different, because the Court did consider the §3553(a) factors in rendering Movant's sentence. As always, the Court thoroughly reviewed the Presentence Investigation Report prepared by the United States Probation Officer prior to imposing its sentence. The Court further articulated its familiarity with the factors as applied to Movant's case during the sentencing hearing, as follows:

> THE COURT: In view of the advisory guidelines range and the provisions of 18 USC, Section 3553(a), based upon the serious nature of the instant offense which involved production, possession and receipt of child pornography involving three known victims under the age of 12 and in consideration of the Defendant's lack of a criminal history, an aggregate sentence of 1,440 months' imprisonment, which is the maximum sentence available, to be followed by a lifetime term of supervised release, would seem to address the sentencing objectives of just punishment, general deterrence and incapacitation. The maximum term of supervised release is ordered in view of the nature of the instant offense and public safety concerns.

Government's response.

(Sentencing Hearing Transcript (4:09CR760 JCH, ECF No. 35), PP. 12-13). Under these circumstances Movant fails to demonstrate that the result of his proceeding would have been different, had Mr. Carlson specifically argued the § 3553(a) factors. Ground 2 of Movant's § 2255 Motion will therefore be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  19th  Day of December, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE